UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x
ONE SUNSET PARK CONDOMINIUM,         :
                                      :
                 Plaintiff,         :
                                      :         MEMORANDUM & ORDER
       -against-             :
                                      :         1:21-cv-03673 (ENV) (CLP)
CLERMONT INSURANCE CO.,              :
                                      :
                 Defendant.         :
-------------------------------------------------------------- x

VITALIANO, D.J.

      On May 27, 2021, plaintiff One Sunset Park Condominium ("One Sunset Park") filed an action against defendant Clermont Insurance Company ("Clermont") in Kings County Supreme Court arising from an insurance policy issued to One Sunset Park by Clermont. Notice of Removal Ex. A, Dkt. 1-2, at 4. With timely removal on diversity grounds, defendant has invoked the Court's jurisdiction to entertain plaintiff's amended complaint, which seeks a declaratory judgment that (1) the two-year limitation to recover under certain provisions of the insurance policy issued by Clermont to One Sunset Park be declared unconscionable and/or impossible; and therefore (2) Clermont be required to honor its alleged coverage obligations under the policy. Am. Compl., Dkt. 11, at ¶¶ 20a–c.

      After a flurry of filings, currently before the Court is defendant's motion to dismiss, plaintiff's motion for summary judgment, and defendant's cross-motion for summary judgment. For the reasons set forth below, defendant's motion to dismiss is granted, the complaint is dismissed with prejudice, and the parties' cross-motions for summary judgment are terminated as moot.

1

Background[1]

On June 2, 2018, defendant Clermont, an insurance provider, issued an insurance policy to One Sunset Park, the owner of a condominium property located at 4401 7th Avenue in Brooklyn, New York. Am. Compl. ¶¶ 1–4. The policy period ran from June 2, 2018 to June 2, 2019. Finazzo

---

[1] For purposes of the motion to dismiss, the facts taken from plaintiff's amended complaint are accepted as true and all reasonable inferences are drawn in plaintiff's favor. *See Vietnam Ass'n for Victims of Agent Orange v. Dow Chem. Co.*, 517 F.3d 104, 115 (2d Cir. 2008). In support of its opposition to defendant's motion, plaintiff attached twenty-one exhibits. Glanzberg Decl., Dkt. 17-8, ¶ 2. Courts in this circuit "have made clear that a plaintiff may not bolster a deficient complaint through extrinsic documents submitted in opposition to a defendant's motion to dismiss." *Broecker v. New York City Dep't of Educ.*, No. 21-cv-63887 (KAM) (LRM), 2023 WL 2710245, at *10 (E.D.N.Y. Mar. 30, 2023) (citing *Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998)). However, a court may consider extrinsic evidence that is attached to, incorporated in, or integral to the complaint, as well as "matters of which judicial notice may be taken." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002).
  A document is integral to the complaint where "the complaint 'relies heavily upon its terms and effect[s].'" *Id.* (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995) (per curiam)). In insurance disputes, "courts may consider the insurance policies themselves, even if they are not attached to the plaintiff's complaint." *Elite Union Installations, LLC v. Nat'l Fire Ins. Co. of Hartford*, 559 F. Supp. 3d 211, 218 (S.D.N.Y. 2021). Accordingly, the Court may properly consider the insurance policy. Glanzberg Decl. Ex. 7, Dkt. 17-9, at 67; Finazzo Cert. Ex. B, Dkt. 17-5, at 4. The Court additionally may consider plaintiff's Proof of Loss claim, on which the amended complaint relies. Finazzo Cert. Ex. A, Dkt. 17-5, at 2.
  Even on a Rule 12(b)(6) motion to dismiss, the motion court may take judicial notice of filings in other lawsuits and official government filings. In line with this authority, the Court takes judicial notice of the summons and complaint filed in a related state-court partition action, Glanzberg Decl. Ex. 14, Dkt. 17-10, at 31, 33, and the court's order in that action, Glanzberg Decl. Ex. 15, Dkt. 17-10, at 45. *Yencho v. Chase Home Fin. LLC*, No. 14-cv-230, 2015 WL 127721, at *1 n.1 (S.D.N.Y. Jan. 8, 2015) ("Court filings in other lawsuits are quintessential materials of which the Court may take judicial notice."). The Court also takes judicial notice of two publicly-available orders issued by the New York City Department of Buildings, Glanzberg Decl. Ex. 3, Dkt. 17-9; Glanzberg Decl. Ex. 4, Dkt. 17-9, and one by the New York City Department of Housing Preservation and Development, Glanzberg Decl. Ex. 5, Dkt. 17-9. *Does 1-2 v. Hochul*, 632 F. Supp. 3d 120, 127 n.1 (E.D.N.Y. 2022) ("When considering a motion made pursuant to Rule 12(b)(6), the Court may take judicial notice of 'documents retrieved from official government websites,' or other 'relevant matters of public record.'" (internal citations omitted)). The Court will not consider the remaining exhibits attached to plaintiff's opposition, as they are outside the bounds of materials that may be considered on Clermont's motion to dismiss.

Cert. Ex. B. at 5.[2]

One provision of the policy speaks to coverage for any loss incurred by the condominium association as a result of compliance with "enforcement of an ordinance or law in the course of repair, rebuilding or replacement of damaged parts of that property." Glanzberg Decl. Ex. 7 at 118–19; Def.'s Mem., Dkt. 17-3, at 11. The provision states that Clermont "will not pay for the Increased Cost of Construction: (i) [u]ntil the property is actually repaired or replaced, at the same or another premises; and (ii) unless the repairs or replacement are made as soon as reasonably possible after the loss damage, not to exceed two years." Glanzberg Decl. Ex. 7 at 118–19. The policy also includes an "Ordinance or Law Coverage Endorsement," which adds coverage for the increased costs resulting from certain repairs, where the "increased cost is a consequence of enforcement of the minimum requirements of the ordinance or law." *Id.* at 181–82. In such a circumstance, the policy will cover "the increased cost to: (1) repair or reconstruct damaged portions of that building; and/or (2) reconstruct or remodel undamaged portions of that building . . . However, . . . we will not pay for the increased cost of construction until the property is actually repaired, reconstructed or remodeled and unless the premises or building is repaired, reconstructed or remodeled within two years after the loss." *Id.* The Rosetta Stone for these provisions, of course, is the term "loss." None of these provisions is triggered unless the condominium association has experienced a "loss" under the policy, which, in this case, means damage from a fire.

On April 3, 2019, a fire at One Sunset Park caused damage to more than 75% of the

---

[2] All citations to pages of the parties' briefing refer to the Electronic Case Filing ("ECF") pagination.

3

building.³  Am. Compl. ¶ 5.  That is a triggering event under New York State law.  Because the One Sunset Park complex is a condominium, it is subject to the New York State Condominium Act, N.Y. Real Property Law, Art. 9-B § 339(d) *et seq*.  *Id.* at ¶ 10.  Section 339-cc of that act provides that if "three-fourths or more of the building [covered by the statute] is destroyed or substantially damaged," the board of managers must conduct a vote of unit owners to determine whether to repair or restore the building—or, otherwise, to initiate an action to partition the remainder of the building.  N.Y. Real Prop. Law Section 339-cc (McKinney); Am. Compl. ¶ 10.  On January 14, 2020, nine months after the fire, the unit owners voted pursuant to § 339-cc not to complete repairs and to instead initiate a partition action.  Am. Compl. ¶ 11; Pl.'s Opp'n Mem. at 11.  That partition action was initiated on May 29, 2020, in Kings County Supreme Court.  Glanzberg Decl. Ex. 14 at 31–44.

On May 25, 2021, more than two years after the fire, plaintiff filed a Proof of Loss claim with Clermont, seeking to recover the policy's sub-limit of $5,000,000 under the Ordinance or Law/Increased Costs of Construction provision.  Finazzo Cert. Ex. A; Notice of Removal Ex. A at 5.  Clermont rejected the claim on May 26, 2021.  *Id.*  As of the time plaintiff submitted the Proof of Loss claim, as well as of the time this action was initiated in state court, plaintiff had not restored or repaired the property.  Am. Compl. ¶ 9.  One Sunset Park cannot, and does not, deny that it did not complete repairs to the building within the two-year window specified in the policy.  Its claim is that the requirement to do so is unconscionable and, if not unconscionable, then legally

---

³ The New York City Department of Buildings ("DOB") issued a vacate order on April 4, 2019, and a violation, on April 5, 2019, directing plaintiff to perform emergency stabilization at the property.  Glanzberg Decl. Ex. 3 at 56; Glanzberg Decl. Ex. 4 at 57; Pl.'s Opp'n Mem., Dkt. 17-7, at 8.  On April 19, 2019, the New York City Department of Housing Preservation and Development likewise issued a vacate order of the units at the property.  Glanzberg Decl. Ex. 5 at 58–59.

4

impossible within the bounds of New York's Condominium Law. *Id.* at ¶¶ 20a–c.

Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007)). This "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

When considering a Rule 12(b)(6) motion, a court "must accept as true all [facts alleged] in the complaint and draw all reasonable inferences in favor of the non-moving party." *Vietnam Ass'n*, 517 F.3d at 115 (quoting *Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591–92 (2d Cir. 2007)). However, that "'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 664). Additionally, the motion court may also properly consider documents attached or integral to the complaint, and any material documents of which judicial notice may be taken. *Chambers*, 282 F.3d at 152–53.

Discussion

I.  Unconscionability

One Sunset Park embraces the doctrine of unconscionability as a sword to lop off the coverage requirement that repairs to the damaged property be completed within two years of the claimed loss in order to be entitled to recover under the Ordinance or Law/Increased Costs of Construction provision. Am. Compl. ¶¶ 20a, 20c. But its stratagem runs headlong into a legal buzz saw.

5

Under New York law, unconscionability must be used as a shield and not a sword. That is, it is "an affirmative defense to the enforcement of a contract" and "may not be used to seek affirmative relief."[4] *Colonial Funding Network, Inc. v. Epazz, Inc.*, 252 F. Supp. 3d 274, 285 (S.D.N.Y. 2017) (quoting *Ng v. HSBC Mortg. Corp.*, No. 07-cv-5434 (RRM), 2011 WL 3511296, at *8 (E.D.N.Y. Aug. 10, 2011)); *see also Knox v. Countrywide Bank*, 4 F. Supp. 3d 499, 513 E.D.N.Y. 2014) ("[T]o the extent that the complaint alleges causes of action based on . . . unconscionability, those claims are dismissed."). Even if this were not the case, plaintiff has failed to allege that the policy's two-year time limitation is unconscionable, much less plausibly pleaded facts to support such a claim.[5]

---

[4] There is an exception to this rule where a plaintiff uses an unconscionability claim to invalidate a contract term, which "in turn would allow its breach of contract claim to proceed based on alleged violations of other [a]greement provisions." *Zam & Zam Super Mkt., LLC v. Ignite Payments, LLC*, 736 F. App'x 274, 277 (2d Cir. 2018) (summary order) (citing *Lonner v. Simon Prop. Grp., Inc.*, 57 A.D.3d 100, 108, 866 N.Y.S.2d 239, 245 (2d Dep't 2008) (unconscionability claim could be used to invalidate contractual provision because, if declared unenforceable, "then the breach of contract cause of action arises not from the unconscionability of that provision, but from the defendant's failure to [fulfill other contractual obligations]")). Plaintiff's amended complaint focuses solely on seeking to invalidate the two-year limitation in the policy, and therefore the unconscionability claim does not fit into this narrow exception.

[5] "Under New York law, a contract is unconscionable when it is 'so grossly unreasonable or unconscionable in the light of the mores and business practices of the time and place as to be unenforceable [sic] according to its literal terms.'" *Ragone v. Atl. Video at Manhattan Ctr.*, 595 F.3d 115, 121 (2d Cir. 2010) (quoting *Gillman v. Chase Manhattan Bank, N.A.*, 73 N.Y.2d 1, 10, 537 N.Y.S.2d, 534 N.E.2d 824 (1988)). The sole allegation in the amended complaint about contract formation and the surrounding circumstances merely notes that defendant "made, renewed and/or issued to Plaintiff for good and valuable consideration a certain policy of insurance." Am. Compl. ¶ 4. This falls woefully short of alleging facts to support procedural unconscionability, and in fact, supports the opposite conclusion. And contrary to plaintiff's hope, the insurance policy is not unconscionable merely because it is a contract of adhesion. *See Mallek v. Allstate Indem. Co.*, No. 17-cv-5949 (KAM), 2018 WL 3629596, at *6 (E.D.N.Y. July 31, 2018). With respect to substantive unconscionability, plaintiff argues that the two-year limitation was unconscionable because it was "impossible" for plaintiff to comply. Am. Compl. ¶ 20a. As discussed *infra*, it was not objectively impossible for plaintiff to comply with the policy's two-year limitation, nor does this allegation support a finding that the two-year limitation is "so outrageous as to warrant holding it unenforceable." *Mayagüez S.A. v. Citigroup, Inc.*, No. 16-cv-6788 (PGG), 2018 WL 1587597, at *12 (S.D.N.Y. Mar. 28, 2018).

Clearly, then, within the tight strictures of New York law on the applicability of the contractual doctrine of unconscionability, a demand for declarative relief cannot be the basis for a cause of action. The claims of unconscionability must be dismissed as a matter of law and with prejudice. *See Bravo v. MERSCORP, Inc.*, No. 12-cv-884 (ENV) (LB), 2013 WL 1652325, at *6 (E.D.N.Y. Apr. 16, 2013).

II. <u>Impossibility</u>

The thrust of plaintiff's impossibility claim is that it could not lawfully comply with the requirements of the policy's Ordinance or Law/Increased Costs of Construction provision; that is, as it argues, repairs could not be completed within two years of the fire loss.[6]

"Though New York law provides for the general defense of impossibility," and putting aside the question of whether plaintiff has plausibly pleaded such a claim here, "the defense is a feeble means of forcing another's performance where conditions precedent go unmet." *Utica Mut. Ins. Co. v. Clearwater Ins. Co.*, 906 F.3d 12, 22 (2d Cir. 2018). That is because "'it is generally true that if a condition precedent to a party's duty to perform does not occur, . . . *the party will be excused* from further performance under the contract *even when the nonoccurrence [of the condition] is itself excused as the result of impossibility or impracticability*." *Id.* (emphases in original) (quoting 4 Williston on Contracts § 43:14, at 673–74 (Richard A. Lord ed., 2013)). In simpler terms, "the party whose obligation to perform depends on the prior occurrence of a stated condition need not perform if the condition is not met—even if the condition is impossible to satisfy."[7] *Id.* Accordingly, even if One Sunset Park could demonstrate that the provision's

---

[6] The parties do not dispute that the two-year limitation is a condition precedent to recovering under the Ordinance or Law/Increased Cost of Construction provisions. *Compare* Pl.'s Opp'n Mem. at 19, *with* Def.'s Mem. at 1, 20.

[7] There are two exceptions to this rule, neither of which is applicable here. First, where "the

7

condition precedent—that repairs be completed within two years of the loss—was impossible,[8] Clermont would not be required to pay One Sunset Park for the repair costs. As a consequence, plaintiff's impossibility claim is dismissed with prejudice, as "nothing in the pleadings hints that such a claim may be validly repleaded in an amended complaint." *Bravo*, 2013 WL 1652325, at *6.

---

condition is only of minor importance, its happening is a mere technicality, and a forfeiture will result by insisting on its occurrence." *Id.* at 23 (citations omitted). Second, "[a] party to a contract cannot rely on the failure of another to perform a condition precedent where he has frustrated or prevented the occurrence of the condition." *Id.* (quoting *MHR Cap. Partners LP v. Presstek, Inc.*, 12 N.Y.3d 640, 646, 884, N.Y.S.2d 211, 912 N.E.2d 43 (2009)). Plaintiff has not alleged that its completion of repairs within two years was of minor importance or that Clermont did anything to frustrate or prevent One Sunset Park from doing so. To the contrary, each factor plaintiff points to as rendering performance impossible has nothing to do with defendant. Am. Compl. ¶¶ 10–13.

[8] In any event, plaintiff has not stated a claim of impossibility. Impossibility exists "'only when . . . performance [is rendered] objectively impossible . . . by an unanticipated event that could not have been foreseen or guarded against in the contract.'" *Axginc Corp. v. Plaza Automall, Ltd.*, 759 F. App'x 26, 29 (2d Cir. 2018) (summary order) (quoting *Kel Kim Corp. v. Cent. Markets, Inc.*, 70 N.Y.2d 900, 902, 524 N.Y.S.2d 384, 519 N.E.2d 295 (1987)). Foreseeability is fatal to a defense of impossibility. *See Millgard Corp. v. E.E. Cruz/Nab/Fronier-Kemper*, No. 99-cv-2952 (LBS), 2004 WL 1900359, at *4 (S.D.N.Y. Aug. 24, 2004). Plaintiff alleges that mandatory compliance with Section 339-cc of the Condominium Act, coupled with "the extent of the damage, vacate orders issued on the property, the need for emergency stabilization, and the need for the retention of experts to evaluate the scope and cost of the restoration," "other litigations involving Plaintiff, and/or other unit owners, relating to the fire loss," and the COVID-19 pandemic all rendered repairs impossible within two years of the fire. Am. Compl. ¶¶ 10–13. However, none of these preferred reasons—including compliance with the Condominium Act—were unforeseeable or rendered completion of repairs within two years objectively impossible. Indeed, courts in this circuit have rejected impossibility arguments with respect to far shorter time limitations governing repairs in insurance policies. *See, e.g.*, *Sher v. Allstate Ins. Co.*, 947 F. Supp. 2d 370, 383–84 (S.D.N.Y. 2013) (dismissing impossibility claim because compliance with a provision that required repairs to be completed within 180 days after a fire was not objectively impossible, and associated difficulty with compliance was not unforeseeable).

8

Conclusion

For the foregoing reasons, defendant's motion to dismiss is granted, plaintiff's amended complaint is dismissed with prejudice, and the parties' pending cross-motions for summary judgment are terminated as moot.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York
       March 25, 2024

                                              /s/ Eric N. Vitaliano
                                              ERIC N. VITALIANO
                                              United States District Judge